UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY PEAK,

        Plaintiff,

v.
                                               Case No. 09-13762
                                               Honorable Patrick J. Duggan

KUBOTA TRACTOR CORPORATION
and KUBOTA MANUFACTURING OF
AMERICA,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE COURT'S FEBRUARY 15, 2013 OPINION AND
ORDER**

      Plaintiff filed this products liability action after he was injured while using a

tractor and front loader designed and manufactured allegedly by Defendants.  On

November 16, 2011, Defendants filed a motion for summary judgment pursuant to

Federal Rule of Civil Procedure 56(c) in which they argued *inter alia* that the ceiling on

any noneconomic damages is the lower statutory cap of $280,000.00 under Michigan

Compiled Laws § 600.2946a(1) because there is no evidence of gross negligence and

Plaintiff cannot demonstrate a "permanent loss of a vital bodily function."  In an opinion

and order entered February 15, 2013, this Court held that Plaintiff failed to present

evidence of gross negligence but that a reasonable juror could find that he suffered a

permanent loss of a vital bodily function to support the statute's higher cap of

$500,000.00.  On March 1, 2013, Defendants filed a motion for reconsideration pursuant

to Eastern District of Michigan Local Rule 7.1 with respect to that decision.

## Standard of Review

Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. *Id.* "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citing *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich.1997) (additional citations omitted)).  A motion for reconsideration that merely presents the same issues already ruled upon by the Court shall not be granted. E.D. Mich. LR 7.1(h)(3).

## Defendants' Arguments for Reconsideration

In their motion for reconsideration, Defendants contend that the Court committed two palpable defects.  First, Defendants maintain that the Court erred in finding that the issue of whether Plaintiff suffered a "permanent loss of a vital bodily function" is one for the jury.  Defendants contend that it is an issue of law and that the jury cannot be informed of the limitations in section 600.2946a.  Second, Defendants argue that the Court should have found that Plaintiff did not suffer a "permanent loss of a vital bodily function."  Defendants believe that the Court conflated the term with Michigan's no-fault statute's lower threshold of "serious impairment of a body function."

## Analysis

2

Defendants are correct that section 600.2946a instructs that "[n]either the court nor counsel for a party shall inform the jury of the limitations [on damages for noneconomic loss]" and that the judge and not the jury adjusts any award to conform to the cap.  Mich. Comp. Laws § 600.2946a(2).  Nevertheless, the Court does not agree with Defendants that this means the question of whether a plaintiff has suffered a "permanent loss of a vital bodily function" is delegated to the judge where there is a question of fact relevant to this determination.  In other words, this Court believes that the statute leaves room for the jury to decide whether the plaintiff suffered such a loss where reasonable minds could differ but requires the judge, once that determination is made, to adjust any noneconomic damages awarded.

The plain language of the statute precludes the jury from only (a) being informed of the limitations on noneconomic damages, and (b) making the adjustment to those damages.  It does not preclude the jury from being asked to determine the extent of the plaintiff's injury provided the jury is not informed of the purpose for which it is making this determination.  The express language of subsection 3 does not alter this Court's view of the statute.

Subsection 3 relates to the gross negligence and actual knowledge/willful disregard exceptions to the cap on noneconomic damages:

> The limitation on damages under subsection (1) for death or permanent loss
> of a vital bodily function does not apply to a defendant if the trier of fact
> determines by a preponderance of the evidence that the death or loss was
> the result of the defendant's gross negligence, or if the court finds that the

3

matters stated in section 2949a[1] are true.

Mich. Comp. Laws § 600.2946a(3) (footnotes omitted).  Defendants argue that the

Michigan legislature's express delineation in this subsection of when an issue is a

question for the jury and when it is a question of law for the court reflects that it knows

how to state that an issue is for the jury when that is its intent.  The Court believes the

same argument supports its interpretation of the statute, for the legislature chose not to

expressly state with respect to the "permanent loss" exception that the determination of

whether the plaintiff suffered such a loss must be made by the court.

There is an absence of clear authority demonstrating that the Court committed a

palpable defect when interpreting section 600.2946a.  Defendants disagree with the

Court's interpretation, but this is not a basis for granting their motion for reconsideration.[2]

---

[1]Section 2949a provides:

> In a product liability action, if the court determines that at the time of
> manufacture or distribution the defendant had actual knowledge that the
> product was defective and that there was a substantial likelihood that the
> defect would cause the injury that is the basis of the action, and the
> defendant willfully disregarded that knowledge in the manufacture or
> distribution of the product, then sections 2946(4), 2946a, 2947(1) to (4),
> and 2948(2) do not apply.

Mich. Comp. Laws § 600.2949a (footnote omitted).

[2]Even if Defendants are correct that the statute precludes a jury from making the
determination of whether the plaintiff suffered a permanent loss, this does not require the
Court to change its February 15, 2013 decision.  The Court simply found an issue of fact

Nor do Defendants provide a basis for this Court to reconsider its conclusion that a reasonable jury could find that Plaintiff suffered a "permanent loss of a vital bodily function."

Contrary to Defendants' assertion, the Court recognized the distinction between a "permanent loss of a vital bodily function" and a "serious impairment" and that the former requires something more than the latter.  This is reflected in the Court's discussion of *Lewis v. Krogol*, 229 Mich. App. 483, 582 N.W.2d 524 (1998).  (*See* ECF No. 67 at 20.)  Defendants simply disagree with the Court's view of what must be lost to qualify as a "loss of a vital bodily function."  The Court believes that the threshold is met to support the higher cap if Plaintiff's legs are "no longer functional in the way that normal [legs] are." *See Shivers v. Schmiege*, 285 Mich. App. 636, 650, 776 N.W.2d 669, 678 (2009) (finding that, although the plaintiff continued to have some limited use of his arms, they "were no longer functional in the way that normal arms are" and thus plaintiff had suffered a total, permanent, functional loss).  Defendants fail to convince the Court that this interpretation constitutes an "obvious, clear, unmistakable, manifest, or plain" defect.

## Conclusion

For the above reasons, Defendants fail to satisfy the standard set forth in Rule

---

as to whether Plaintiff suffered such a loss.  The Court continues to believe that Defendants fail to demonstrate an absence of fact with respect to this issue to support summary judgment in their favor.  Thus the issue of whether Plaintiff suffered a permanent loss remains to be resolved at trial by the Court or the jury once all of the parties' evidence is received *and* if its resolution is required.  Of course if Plaintiff does not prevail on his remaining claims, the issue of damages is moot.

7.1(h)  for reconsideration of the Court's February 15, 2013 opinion and order.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for reconsideration is **DENIED**.

Dated: April 3, 2013                                    s/PATRICK J. DUGGAN
                                                       UNITED STATES DISTRICT JUDGE


Copies to:
Timothy M. Lessing, Esq.
Kelli A. Bennett, Esq.
Daniel J. Scully, Jr., Esq.
Paul E. Scheidemantel, Esq.