UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY PEAK,

    Plaintiff,

v.                                                      Case No. 09-13762
                                                      Honorable Patrick J. Duggan

KUBOTA TRACTOR CORPORATION and
KUBOTA MANUFACTURING OF AMERICA,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF DEFENDANT'S EXPERTS

    This products liability action presently is before the Court on Plaintiff's motion *in limine* to preclude the testimony of Defendants' expert witnesses. (ECF No. 61.) The motion has been fully briefed and the matter is scheduled for trial beginning June 24, 2013. For the reasons that follow, the Court denies Plaintiff's motion.

    Plaintiff filed this action after he was injured by rocks that fell from the bucket of a front-end loader manufactured by Defendants. Plaintiff alleges that a design defect caused the boom of the front-end loader to continue rising– even after he put the boom control lever in a neutral position– to a point where the rocks fell out of the bucket and onto him. After the accident, Plaintiff took the equipment to a dealer for repair and certain parts of the front-end loader were replaced. Although Plaintiff had asked the dealer to return the old parts, they eventually were discarded. As a sanction for Defendants' failure to preserve this evidence, Plaintiff asks the Court to preclude

Defendants' expert witnesses from testifying as to the cause of the equipment's failure. Plaintiff cites caselaw regarding spoliation in support of his motion, but also argues that Defendants' experts should be precluded from testifying under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993).

The issue of what sanction should be imposed for a party's failure to preserve evidence and the issue of whether an expert is qualified to testify under *Daubert* are two distinct matters. Even if Plaintiff could establish that he is entitled to some kind of sanction based on Defendants' alleged failure to retain the equipment for inspection, he fails to show that the requested sanction is appropriate. In other words, Plaintiff does not cite a single case where a court precluded a party from presenting expert testimony as a sanction for the party's destruction of evidence and he fails to convince the Court that the circumstances warrant such a severe punishment. Plaintiff does not come close to demonstrating that Defendants' experts should be precluded from testifying pursuant to *Daubert*. A court's "gatekeeping" responsibility under *Daubert* is to preclude unreliable and irrelevant expert testimony from trial. *Hardyman v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 260 (6th Cir. 2001) (quoting *Daubert*, 509 U.S. at 597, 113 S. Ct. at 2798). In his motion, Plaintiff does not set forth any arguments as to why the opinions of Defendants' experts are unreliable or irrelevant.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion *in Limine* to Preclude Testimony of Defendant's Experts is **DENIED**.

Dated:April 19, 2013                              s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Timothy M. Lessing, Esq.
Kelli A. Bennett, Esq.
Daniel J. Scully, Jr., Esq.
Paul E. Scheidemantel, Esq.