UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY PEAK,

      Plaintiff,

v.                                      Case No. 09-13762
                                      Honorable Patrick J. Duggan

KUBOTA TRACTOR CORPORATION and
KUBOTA MANUFACTURING OF AMERICA,

      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE OR, ALTERNATIVELY, LIMIT PLAINTIFF'S CLAIM FOR ALLEGED LOST INCOME DAMAGES

This products liability action presently is before the Court on Defendants' "Motion *In Limine* to Exclude or, Alternatively, Limit Plaintiff's Claim for Alleged Lost Income Damages," filed November 16, 2011. (ECF No. 38.) The motion has been fully briefed and the matter is scheduled for trial beginning June 24, 2013. For the reasons that follow, the Court denies Defendants' motion.

In their motion, Defendants seek to preclude Plaintiff from offering evidence of, or requesting damages for, alleged lost income due to the injury he incurred in May 2008, while using a tractor and front-end loader manufactured by Defendants. Defendants argue that Plaintiff's claimed lost income is speculative as he never filed income tax returns for the years 2002-2008 and lacks documentation to support his claimed income for the years immediately preceding the accident. Alternatively, Defendants ask the Court to limit Plaintiff's damages for lost income to the 12-months immediately following

the accident. Defendants contend that Plaintiff removed himself from the workforce to care full-time for his ailing mother since approximately April 2009, and therefore is not entitled to lost income from that period forward.

A plaintiff asserting a cause of action bears the burden of proving damages with reasonable certainty. *Hofmann v. Auto Club Ins. Ass'n*, 211 Mich. App. 55, 108, 535 N.W.2d 529, 554 (1995) (citation omitted). The general rule in Michigan is that a tortfeasor is liable for injuries arising from the legal and natural consequences of his or her wrongful conduct, whether foreseeable or not; but remote, contingent, and speculative damages cannot be recovered. *Sutter v. Biggs*, 377 Mich. 80, 86, 139 N.W.2d 684, 686 (1966); *see also Ensink v. Mecosta Cnty. Gen. Hosp*. 262 Mich. App. 518, 524, 687 N.W.2d 143, 147 (2004) Damages are not speculative, however, simply because they cannot be ascertained with mathematical precision. *Ensink*, 262 Mich. App. at 525, 687 N.W.2d at 148 (citing *Godwin v. Ace Iron & Metal Co.*, 376 Mich. 360, 368, 137 N.W.2d 151 (1965)).

"'It is sufficient if a reasonable basis for computation [of the plaintiff's damages] exists, although the result be only approximate.'" *Id*. (quoting *McCullagh v. Goodyear Tire & Rubber Co.*, 342 Mich. 244, 254-55, 69 N.W.2d 731, 737 (1955) (internal quotation marks and citation omitted)). Where the fact of damages is established and the only question is the amount the plaintiff is entitled to recover, "the certainty requirement is relaxed". *Id*. (citing *Bonelli v. Volkswagen of America, Inc.*, 166 Mich. App. 483, 511-12, 421 N.W.2d 213, 226 (1988) ("The type of uncertainty which will bar recovery of

damages is uncertainty as to the fact of the damage and not as to its amount . . . since where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery.")). Questions regarding what damages may be reasonably anticipated are issues better left to the trier of fact. *See Meier v. Holt*, 347 Mich. 430, 447-48, 80 N.W.2d 207, 212 (1956).

Here, there is not an absence of admissible evidence concerning Plaintiff's claimed lost income. Plaintiff apparently is prepared to testify concerning his income prior to the accident. (*See* Defs.' Mot. Ex. A at 36.) While the jury may find the lack of supporting documentation relevant to assessing Plaintiff's credibility on the issue, the lack of documentation does not render the amount of his damages speculative or uncertain. In other words, the Court believes Plaintiff should be allowed to testify concerning his past business income and the jury can accept or reject that testimony, in whole or in part, to determine whether he is entitled to lost income damages and, if so, the amount. Similarly, to the extent Plaintiff argues at trial that he is entitled to lost income damages beyond April 2009, Defendants can present evidence to convince the jury that such an award should not be made because Plaintiff removed himself from the workforce to care for his mother and not because his injuries prevented him from performing other work.

In short, the Court does not believe that it should rule as a matter of law that Plaintiff is precluded from recovering lost income damages or that any award should be limited to the year following the accident. It is the jury's role to consider the facts, judge the witnesses' credibility, and, after receiving the Court's instructions, determine the

amount of damages Plaintiff is entitled to recover, if any.

    Accordingly,

    **IT IS ORDERED**, that Defendants' Motion *in Limine* to Exclude or, Alternatively, Limit Plaintiff's Claim for Alleged Lost Income Damages is **DENIED**.

Dated: April 19, 2013             s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Timothy M. Lessing, Esq.
Kelli A. Bennett, Esq.
Daniel J. Scully, Jr., Esq.
Paul E. Scheidemantel, Esq.