UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY PEAK,
       Plaintiff,

v.                                     Civil Case No. 09-13762
                                       Honorable Patrick J. Duggan

KUBOTA TRACTOR CORPORATION and
KUBOTA INDUSTRIAL EQUIPMENT
CORPORATION,
       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S ORAL MOTION TO EXCLUDE DEFENDANTS' PROPOSED EXHIBITS

This products liability action is scheduled for jury trial beginning June 24, 2013. Presently before the Court is Plaintiff's oral motion to preclude Defendant from introducing exhibits containing hearsay statements relating to the repair of the subject tractor and front loader. Specifically at issue are Defendants' proposed exhibits 10 and 11 referred to as the "Customer Contact" form and "Warranty Claim" form.[1] For the reasons that follow, the Court concludes that the records are admissible under Federal Rule of Evidence 803(6) as business records. The Court therefore denies Plaintiff's motion.

### Background

---

[1]Plaintiff's motion is focused on certain statements contained in the exhibits. Thus Plaintiff is seeking a ruling from the Court that precludes the introduction of the statements rather than the exhibits per se. Defense counsel represents, however, that the only manner in which the statements would be introduced is through these exhibits.

After the accident with the tractor/loader that is the subject of this lawsuit, Plaintiff brought the equipment to Summit Power Center ("Summit"), a local agricultural equipment dealer, for repair.  The exhibits at issue contain information supplied from individuals at Summit related to the subject tractor/loader, including the problem at issue, the determined cause of the problem, and any remedy.  Most relevant to the dispute between the parties are the statements within the documents relating an unidentified Summit technician's report that the problem (i.e. the bucket rising after the joystick was released) and cause (i.e. that the plungers under the joystick were sticking) were rectified by cleaning and lubricating the plungers. The documents reflect that this information was conveyed from the technician to "Ann" and then to Jim Carroll who prepared at least the Customer Contact form. Significantly, Summit no longer is in business and the parties represent that they have been unable to identify and/or locate the individuals from Summit whose statements are contained in the subject exhibits.

When he brought the tractor/loader to Summit after the subject accident, Plaintiff requested that any removed and replaced parts be returned to him.  The control lever assembly was replaced at Kubota's direction and Kubota considered the replacement covered under its warranty.  However, the control lever assembly was not returned to Plaintiff.  Instead, Kubota Tractor Corporation obtained the

part from Summit, retained it until August 2008 pursuant to its standard

procedures, and then forwarded the part to Kubota Industrial Equipment (the entity

that manufactured the part) where it eventually was discarded also pursuant to

standard procedures.  (*See* 6/14/12 Dep. of Todd Bechtel at 142-46, ECF No. 59-

14.)

  According to Todd Bechtel, an employee of Kubota Tractor Corporation,

Kubota uses the Customer Contact form to document the receipt and handling of

inquiries from owners/customers of Kubota equipment.  (6/10/13 Hr'g Ex. A,

Attach. 1 ¶ 5.)  Mr. Bechtel indicates that the inquiries may come from the

owner/customer directly or from a dealer of Kubota equipment.  (*Id*.)  Kubota uses

the information in the Customer Contact form to achieve such goals "as correctly

diagnosing equipment issues" and "responding to inquiries appropriately."  (*Id*.)

Mr. Bechtel indicates that the Customer Contact form is a record regularly

maintained in Kubota's business.  (*Id*. ¶ 6.)

  Mr. Bechtel identifies Jim Carroll, the maker of the subject Customer

Contact form (*see id*. Ex. A), as Kubota's Northern Division Service Manager.  (*Id*.

¶ 6.)  Mr. Carroll's duties include handling calls from dealers and customers to

resolve service and warranty issues and recording the information he receives on

the Customer Contact form.  (*See id*.; *see also id*. ¶ 5.)  In the instant case, Mr.

3

Carroll received information from the "Dealer Contact", identified as Summit's
owners Ann and Dave Mezo, including information supplied to Ann from
Summit's technician.  (*Id*. ¶ 6, Ex. A.)

The Warranty Claim form, in contrast, is a record generated from
information that Kubota's equipment dealers input into the "KubotaLink" system,
which is a web based system.  (*Id*. ¶ 8.)  The dealer fills out several mandatory
fields on the form, including fields seeking a description of the "Symptom", the
"Defect", and the "Remedy."  (*Id*.)  Kubota utilizes the information inputted into
the Warranty Claim form to evaluate warranty coverage and accurately process
claims for repairs to and/or replacement of equipment or components covered
under a Kubota limited warranty.  (*Id*. ¶ 7.)  As part of their agreement with
Kubota to sell and service Kubota products, dealers are required to *inter alia*
follow Kubota's procedures for handling matters covered under warranty,
including submitting Warranty Claim forms.  (*Id*.)

**Argument and Analysis**

In support of his motion to suppress the admission of the Customer Contact
and Warranty Claim forms, Plaintiff maintains that the documents contain multiple
levels of hearsay for which no hearsay exception applies.  Plaintiff argues that the
business record exception is inapplicable because Defendants cannot satisfy all of

4

its requirements, including a showing of trustworthiness.

Hearsay[2] evidence is not admissible unless it falls under a hearsay exception.

Fed. R. Evid. 801.  The business records exception excludes from the hearsay rule:

> A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by– or from information transmitted by– someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).  In the Sixth Circuit, four requirements must be satisfied to admit records under this exception:

> (1) they must have been made in the course of regularly conducted business activities; (2) they must have been kept in the regular course of business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

*Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 588 (6th Cir. 2009) (citing

---

[2]Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  There is no dispute that the statements at issue constitute hearsay.  The dispute is whether they nevertheless are excluded from the hearsay rule.

*Redken Labs., Inc. v. Levin*, 843 F.2d 226, 229 (6th Cir. 1988)).

Satisfaction of these four requirements must be made through the testimony

of a custodian or "another qualified witness." *United States v. Jenkins*, 345 F.3d

928, 935 (6th Cir. 2003) (quoting Fed. R. Evid. 803(6)(D)).  The Sixth Circuit has

summarized what is and is not necessary to render a person capable of laying the

foundation for the introduction of a business record:

> "Rule 803(6) does not require that the custodian personally gather,
> input, and compile the information memorialized in a business
> record." *United States v. Weinstock*, 153 F.3d 272, 276 (1998). The
> custodian of the records need not be in control of or have individual
> knowledge of the particular corporate records, but need only be
> familiar with the company's recordkeeping practices. *Id.* (citing *In re
> Custodian of Records of Variety Distrib., Inc.*, 927 F.2d 244, 248 (6th
> Cir.1991)). Likewise, "to be an 'other qualified witness,' it is not
> necessary that the person laying the foundation for the introduction of
> the business record have personal knowledge of their preparation."
> *Dyno Construction Co. v. McWane, Inc.*, 198 F.3d 567, 575-76 (6th
> Cir. 1999).

*Auto Indus. Supplier Emp. Stock Ownership Plan v. Ford Motor Co.*, 435 F. App'x

430, 447 (6th Cir. 2011) (brackets removed).  In short, for a witness to be capable

of satisfying Rule 803(6)'s requirements, the individual need only understand the

record keeping system.  *See United States v. Hathaway*, 798 F.2d 902, 906 (6th

Cir. 1986).  Thus the witness need not be an employee of the entity maintaining the

record.  *Id.* (concluding that an FBI agent could lay a proper foundation for the

admissibility of a company's business records).

Mr. Bechtel's affidavit reflects that he is capable of laying the foundation necessary to satisfy Rule 803(6)'s requirements with respect to the Customer Contact and Warranty Claim forms.  He is familiar with and understands Kubota's record keeping system for the former form and the system used by Kubota's dealers to create the latter form.  In addition, Mr. Bechtel provides in his affidavit that Kubota regularly relies on the Warranty Claim forms prepared by its dealers to evaluate a reported issue with Kubota equipment or components and warranty coverage and reimbursement.  (6/10/13 Hr'g Ex. A, Attach. 1 ¶ 7.)  It is generally accepted among the Circuits "that a document prepared by a third party is properly admitted as part of the business entity's records if the business integrated the document into its records and relied upon it."  *See Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1342 (Fed. Cir. 1999) (collecting cases).

Plaintiff nevertheless maintains that certain aspects of this case make the Customer Contact and Warranty Claim forms "untrustworthy."  Most notably, Plaintiff points out that despite the technician's purported finding that lubrication remedied the control lever assembly's defect, Kubota replaced the part– an expensive remedy when the $17.38 for lubrication reportedly fixed the problem– and covered the replacement cost under its warranty.  The Sixth Circuit, however,

7

does not identify trustworthiness as a separate requirement for admission as a business record. This perhaps is because the Sixth Circuit finds an "indicia of reliability" simply based on the fact that the record was created or maintained in the ordinary or regular course of the business. *See Coggins*, 566 F.3d at 588 ("The business records exception is based on the indicia of reliability that attaches to a record created or maintained by an employer in the ordinary or regular course of their business."). Moreover, this Court does not believe that Plaintiff's challenges to the records render them untrustworthy and therefore inadmissible under Rule 803(6). Instead, they are points to be made relative to the weight the jury should afford to the evidence.

For these reasons, the Court concludes that Defendants' proposed exhibits 10 and 11 are admissible under the business records exception.

Accordingly,

**IT IS ORDERED** that Plaintiff's oral motion to exclude this evidence is **DENIED**.

Dated: June 20, 2013                     s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

8